**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | | |
|---|---|---|
| Case No. | **CV 26-435-JFW(SK)** | Date: February 13, 2026 |
| Title: | L.T. -v- Jaime Rios, et al. | |

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** None | **ATTORNEYS PRESENT FOR DEFENDANTS:** None |

**PROCEEDINGS (IN CHAMBERS):**   ORDER GRANTING/DENYING PETITIONER'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER [filed 2/2/26; Docket No. 2]

On February 2, 2026, Petitioner L.T. ("Petitioner") filed an Ex Parte Motion for Temporary Restraining Order ("Motion"). On February 4, 2026, Respondents Jaime Rios ("Rios"), Todd M. Lyons ("Lyons"), Kristi Noem ("Noem"), Pam Bondi ("Bondi"), and Ernesto Santacruz ("Santacruz") (collectively, "Respondents") filed their Response.[1] On February 5, 2026, Petitioner filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for February 23, 2026 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.   Factual and Procedural Background**

Petitioner is a citizen and national of China. On October 25, 2020, Petitioner crossed into the United States at the San Ysidro, California port of entry so that she could apply for asylum. On December 10, 2025, Petitioner appeared for her scheduled asylum interview before the United States Citizenship and Immigration Service ("USCIS"). According to Plaintiff, at the beginning of the interview ICE officers took her into custody without prior notice or warning and transported her to the Adelanto ICE Processing Center in Adelanto, California.

In her Motion, Petitioner seeks an Order from this Court ordering Respondents to

---

[1] Because Respondents had notice and an opportunity to respond and Petitioner briefed the issues thoroughly, and the standard for a TRO and a preliminary injunction are the same, the Court will treat Petitioner's Application as a motion for preliminary injunction.

immediately release her from custody without bond or electronic monitoring pending these proceedings and not retain her without further order of the Court., or, in the alternative, an Order from this Court ordering Respondents to immediately release her from custody and, within fourteen days, schedule a pre-deprivation bond hearing before the Los Angeles Immigration Court. Petitioner also seeks an Order from this Court enjoining Respondents from transferring Petitioner out of the Central District of California or deporting her while her Petition is pending. In its Response, the Respondents state in relevant part:

> At this time, Respondents do not have a substantive opposition argument that Respondents are able to present, however, Respondents think a grant of the Application should be limited to requiring Respondents to provide [a 1226(a)] bond hearing, which Respondents can do within seven (7) days of the prospective order.
>
> This is proper in the view of Respondents because based on the allegations in the Application, Petitioner appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025).

II.     **Legal Standard**

The standard for issuing a TRO and preliminary injunction under Federal Rule of Civil Procedure 65 is the same. *Six v. Newsom*, 462 F. Supp. 3d 1060, 1067 (C.D. Cal. 2020) (citation omitted); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that a TRO and preliminary injunction involve "substantially identical" analysis). Like a preliminary injunction, a TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

Under *Winter*, a plaintiff seeking a TRO must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.,* 758 F.3d 1069, 1071 (9th Cir. 2014) (*citing Winter*, 555 U.S. at 20). Courts in this circuit also employ "an alternative 'serious questions' standard, also known as the 'sliding scale' variant of the Winter standard" (*Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021)), in which the four *Winter* elements are "balanced, so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Under this approach, a TRO may be warranted where there are "'serious questions going to the merits' and a hardship balance . . . tips sharply toward the plaintiff," and so long as the other *Winter* factors are also met. *Id.* at 1132.

The Ninth Circuit distinguishes between "mandatory" and "prohibitory" injunctions. *Hernandez v. Sessions*, 872 F.3d 976, 997–98 (9th Cir. 2017). Prohibitory injunctions maintain the status quo, preventing further constitutional violations. *Id.* at 997. By contrast, mandatory injunctions go further, ordering "a responsible party to 'take action.'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009) (*quoting Meghrig v. KFC W., Inc.*, 516 U.S. 479, 484 (1996)). A mandatory injunction "'goes well beyond simply maintaining the status quo [and is thus] . . . particularly disfavored.'" *Id*. (*quoting Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir. 1980)). Accordingly, the Ninth Circuit has held that mandatory injunctions

"should not be approved in the absence of a risk of 'extreme or very serious damage.'" *Hernandez*, 872 F.3d at 997 (*quoting Marlyn Nutraceuticals, Inc.*, 571 F.3d at 879). Mandatory injunctions are most likely to be appropriate when "the status quo . . . is exactly what will inflict the irreparable injury upon complainant." *Id.* (*quoting Friends for All Children, Inc. v. Lockheed Aircraft Corp.*, 746 F.2d 816, 830 n.21 (D.C. Cir. 1984)).

### III. Discussion

In light of the Government's acknowledgment that Petitioner appears to be a member of the *Bautista* class and appears to be subject to the *Bautista* judgment, Petitioner's Petition for a temporary restraining order and preliminary injunction is **GRANTED**. The Court **ORDERS** that: Respondents are enjoined from continuing to detain Petitioner unless she is provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order. In addition, in light of the serious questions going to the merits and the likelihood of irreparable harm raised by Petitioner in her Petition and her Motion, the Court orders that Respondents and all of their officers, agents, servants, employees, attorneys, and persons acting on their behalf in concert or in participation with them are immediately **ENJOINED** from transferring, relocating, or removing Petitioner outside of the Central District of California pending final resolution of Petitioner's Petition.

Rule 65(c) provides that a court "may issue a preliminary injunction or temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). "Despite the seemingly mandatory language, 'Rule 65(c) invests the district court with discretion as to the amount of security required, if any.'" *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003)). In particular, "[t]he district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Id.* (citation omitted). As a result, the mandatory language of Rule 65(c) does not "absolve[ ] the party affected by the injunction from its obligation of presenting evidence that a bond is needed, so that the district court is afforded an opportunity to exercise its discretion in setting the amount of the bond." *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 883 (9th Cir. 2003). In this case, Respondents have not demonstrated any likelihood of harm if the Court grants the requested relief, and has not requested a bond if that relief is granted. In addition, a bond would pose a hardship on Petitioner. Accordingly, the Court therefore exercises its discretion and waives the bond requirement under Rule 65(c).

IT IS SO ORDERED.